UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

AUG 15 2008

Clerk, U.S. District and
Bankruptcy Courts

| | | |
|---|---|---|
| LINDA MEARA | ) | |
| P.O. Box 9032 | ) | |
| Alexandria, Virginia 22304 | ) | |
| | ) | |
| Plaintiff | ) | Case No: |
| | ) | |
| vs. | ) | |
| | ) | |
| VERIZON WASHINGTON | ) | |
| D.C., INC. | ) | |
| Washington, D.C. | ) | Case: 1:08-cv-01423 |
| Serve: | ) | Assigned To : Sullivan, Emmet G. |
| CT Corporation | ) | Assign. Date : 8/15/2008 |
| 1015 15th St, N.W., #1000 | ) | Description: Labor-ERISA |
| Washington, D.C. 20005 | ) | |
| And | ) | |
| Metropolitan Life Insurance | ) | |
| Company | ) | |
| d/b/a MetLife Corporation | ) | |
| New York, N.Y. | ) | |
| Serve: | ) | |
| CT Corporation | ) | |
| 1015 15th St. N.W., #1000 | ) | |
| Washington, D.C. 20005 | ) | |
| Defendants. | ) | |

## COMPLAINT FOR REINSTATEMENT OF BENEFITS UNDER ERISA

Plaintiff, Linda Meara, by undersigned counsel, hereby sues Verizon Corporation

(hereinafter "Verizon") and Metropolitan Life Insurance Company, d/b/a MetLife Corporation

(hereinafter "MetLife"), in its capacity as Plan Administrator of the Bell Atlantic Pension Plan

(hereinafter "the Plan"), and for her complaint alleges as follows:

1. Plaintiff is a resident of the Commonwealth of Virginia and was employed by Defendant Verizon under a long term disability pension until her termination from disability on July 31, 2007. The disability pension was under Defendant Bell Atlantic Pension Plan, which Plan was administered by Defendant MetLife.

2. This Court has jurisdiction pursuant to the provisions of the Employee Retirement Income Security Act ("ERISA), 29 U.S.C. Sections 1001, et seq. Venue is proper in that Plaintiff was employed in the District of Columbia and the actions giving rise to this lawsuit arose as a result of her employment. All Defendants transact business in the District of Columbia.

3. Plaintiff was employed for many years with Verizon and its predecessor Bell Atlantic as an office worker in the payroll department. She was enrolled as a plan participant in the Plan during her employment.

4. In or about August 1990, Plaintiff was approved for a Disability Pension based upon a medical condition known as Fibromyalgia, which rendered her totally disabled from performing the services of her position with Verizon. Plaintiff was also approved for Social Security disability benefits at about the same time.

5. The grant of the Disability Pension continued uninterrupted for a period of some Seventeen (17) years, with Plaintiff reporting regularly and continuously submitting the required medical support for her ongoing disability. Her Fibromyalgia was exacerbated by Chronic Fatigue Syndrome (CFS) and serious lower back pain.

6. Defendant MetLife, in or about January 2007, determined to require Plaintiff to submit to an "independent medical evaluation" (IME) and it selected the physician with whom an appointment was made for February 23, 2007. Plaintiff met with the physician as scheduled.

7. At the conclusion of this one brief examination, the physician agreed that Plaintiff did indeed have Fibromyalgia and diffuse chronic pain syndrome. However, he concluded that "the patient does not appear to have a condition that would prevent her from doing the work that she had previously been doing which she defined as sitting in an office."

8. A Rheumatologist, Dr. Russell Rothenberg, with whom Plaintiff had been treating for her Fibromyalgia and related conditions since 2005, had certified that Plaintiff was totally disabled from performing her duties in the payroll office of Defendant Verizon and continued to be so throughout the period of his treatment of her, up to and including the date of her termination from her disability pension by Defendant MetLife, which resulted from the single, brief examination of her by the IME physician whom it hired.

9. Defendants MetLife and Verizon terminated Plaintiff's disability pension on July 31, 2007. Plaintiff appealed the termination of her benefits and that appeal was denied by letter of August 31, 2007. Plaintiff's Social Security disability benefits continue to be in full force and effect. This action results from the final decision denying reinstatement of Plaintiff's disability benefits.

## COUNT I
## DECLARATORY RELIEF (REINSTATEMENT OF DISABILITY PENSION)

10. Plaintiff repeats and realleges each allegation contained in paragraphs 1 through 9, above, as if fully set forth herein.

11. Upon information and belief, Defendant, MetLIfe acts and has acted throughout the crucial times herein as the designated Plan Administrator on behalf of the employer and plan sponsor, Defendant Verizon.

12. Plaintiff respectfully believes that the decision of Defendants to terminate the disability pension of Plaintiff that had been in existence for seventeen (17) years was contrary to law and contrary to the terms and conditions of the Defendant Plan and requests that this Honorable Court declare that Plaintiff is entitled to full reinstatement of her disability pension dating back to its termination and to further declare that her future benefits shall remain in full force and effect, without interruption or termination by Defendants.

WHEREFORE, Plaintiff, Linda Meara, by undersigned counsel, demands judgment against the Defendants, jointly and severally, as follows:

1. Declaring that the termination of Plaintiff's disability pension benefits constitutes a breach by Defendants of the Plan contract in force between Defendant Verizon and Plaintiff;

2. Declaring that Plaintiff is entitled to reinstatement of her disability pension pursuant to the Plan and that all back benefits be reimbursed from and after the date of termination;

3. Declaring that Plaintiff's reinstated disability benefits shall not be further interfered with in the future by Defendants;

4. Ordering Defendants to reinstate the Plaintiff's disability pension with interest from the date of termination of said benefits and to cease and desist from any further interference with future benefits; and

5. Awarding Plaintiff reasonable attorney's fees and costs of this action.

Respectfully submitted,

*[signature]*

Robert F. Condon D.C. Bar No. 108290

818 18th Street, N.W., Suite 410

Washington, D.C. 20006

(202) 861-0070

Fax No. (202) 861-2939

e-mail: RFCondon@Artabane-Belden.com

Attorney for Plaintiff

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

### I (a) PLAINTIFFS
LINDA MEARA

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF FAIRFAX, VA 22304 88854
(EXCEPT IN U.S. PLAINTIFF CASES)

### DEFENDANTS
VERIZON WASHINGTON, DC, INC. ET AL

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT DC
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Robert F. Condon
888 17th St. NW WASH DC 20006
Suite 410  202 861 0070

Case: 1:08-cv-01423
Assigned To : Sullivan, Emmet G.
Assign. Date : 8/15/2008
Description: Labor-ERISA

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. Antitrust
- ☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
- ☐ 151 Medicare Act

**Social Security:**
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

**Other Statutes**
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Immigration**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus- Alien Detainee
- ☐ 465 Other Immigration Actions

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant)

- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.

- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not Administrative Agency Review or Privacy Act)

| ☐ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ⊗ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>⊗ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊗ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

29 USC 1001 ET SEQ REINSTATEMENT OF BENEFITS UNDER EOUSA

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ BENEFITS RESTORED RETROACTIVELY   Check YES only if demanded in complaint   JURY DEMAND: ☐ YES ⊗ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES ⊗ NO   If yes, please complete related case form.

DATE 7/15   SIGNATURE OF ATTORNEY OF RECORD   /s/ Robert Condon

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.